NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Manchester Family Division
Case No. 2024-0062
Citation: In re A.G., 2024 N.H. 32

IN RE A.G.

Submitted: June 11, 2024
Opinion Issued: June 14, 2024

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Sam M. Gonyea, assistant attorney general, on the brief), for the State.

Prieto Law, PLLC, of Manchester (Joseph J. Prieto and Timothy J. Donovan on the brief), for the appellant.

COUNTWAY, J.

[¶1] The appellant, A.G., appeals an order of the Circuit Court (Chabot, J.) transferring him from the Youth Detention Services Unit (YDSU) to the Hillsborough County House of Corrections (HOC) upon his eighteenth birthday. We reverse and remand.

[¶2] The appellant was arraigned in July 2023 on four juvenile delinquency petitions alleging attempted robbery, attempted first degree

assault, reckless conduct, and falsifying physical evidence.[1]  At the time, the appellant was 17 years old.  The Circuit Court (Tessier, J.) found probable cause that the appellant committed the alleged acts, and determined that he met the standard for secure detention; thus, he was placed at the YDSU.  Later in July, the State filed a petition to certify the appellant as an adult and transfer the case to superior court.  See RSA 169-B:24 (2022).  That petition remains pending.

[¶3] In December 2023, a hearing was held in Circuit Court (Chabot, J.) to address the appellant's placement pending a decision on the certification petition in light of the fact that he would be 18 years of age later that month.  The trial court ruled that continued need for detention existed, but that the appellant would no longer be able to remain at YDSU once he turned 18.  The court ordered that he be transferred to the HOC upon his eighteenth birthday.

[¶4] On appeal, the appellant argues that the circuit court lacks authority to order his detention at the HOC.  We agree.  "The circuit court is a court of limited jurisdiction with powers conferred upon it by statute."  State v. Graham, 175 N.H. 61, 62 (2022).  RSA 169-B:14 (2022) authorizes the court, following arraignment of a minor alleged to be delinquent, to order that the minor be: (1) retained in the custody of a parent, guardian, or custodian; (2) released in the supervision and care of a relative or friend; (3) released to the custody of the department of health and human services for placement in a foster home, as defined in RSA 169-C:3, XIII, a group home, a crisis home, or a shelter care facility; or (4) detained at a facility certified by the commissioner of the department of health and human services for detention of minors.  It does not, however, empower the circuit court, prior to adjudication, to detain a minor at the HOC.  See also RSA 169-B:15 (2022) (following arraignment no minor shall be detained in any facility where adults charged, convicted or committed for criminal offenses are simultaneously detained).

[¶5] The State argues that the legislature has authorized the circuit court to detain a person at the HOC when the person is 18 or older and has been adjudicated delinquent.  See RSA 169-B:4, III; RSA 169-B:19, III-a, III-c (2022).  Similarly, the State argues, when a minor is certified as an adult and the case is transferred to superior court, the superior court may detain the person at the HOC.  RSA 169-B:24, II.  Here, however, the appellant has neither been adjudicated delinquent nor certified as an adult.  We find no statutory authority for the circuit court to detain this appellant at the HOC.

[¶6] In the alternative, the State argues that the circuit court could continue the appellant's detention at YDSU, even after his eighteenth birthday,

---

[1] Later that same month, the State filed two additional petitions alleging theft by unauthorized taking and theft.  All petitions were consolidated by order of the court.

2

while awaiting action on the petition to certify him as an adult. We agree. As noted, RSA 169-B:14 authorizes the circuit court, following arraignment, to order that a minor be detained at a facility certified by the commissioner of the department of health and human services for detention of minors, which includes YDSU. We recognize that RSA 169-B:2, VI (2022) defines "minor" to mean a person under the age of 18. However, a review of RSA chapter 169-B reveals that the legislature uses the term "minor" to refer in many instances to a person who is 18 or older. For example, RSA 169-B:4, I (2022) provides that the circuit court has jurisdiction over "any <u>minor</u> with respect to whom a petition is filed . . . after the <u>minor's</u> eighteenth and before the <u>minor's</u> nineteenth birthday for an alleged delinquency offense committed before the <u>minor's</u> eighteenth birthday." (Emphases added.) RSA 169-B:4, IV(d) (2022) provides that the court shall close the case, when jurisdiction has been extended over a minor, when "[t]he <u>minor</u> attains 21 years of age." (Emphasis added.)

[¶7] "We construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result." <u>In re G.W.</u>, 176 N.H. 64, 69 (2023). Here, the appellant was ordered detained at YDSU when he was 17 years old, and thus a "minor" as defined in RSA 169-B:2, VI. We conclude that, similar to the use of the term "minor" in other sections of RSA chapter 169-B, the term "minor" in RSA 169-B:14, I, continues to apply to the appellant after his eighteenth birthday. As the State aptly notes, to hold otherwise would mean that the appellant could not now be detained anywhere — a result that would undermine the rehabilitative and public safety purposes of RSA chapter 169-B. <u>See</u> RSA 169-B:1 (2022). RSA 169-B:1 states that this chapter "shall be liberally interpreted, construed and administered to effectuate" its purposes and policies. Construing RSA 169-B:14, I, as authorizing the circuit court to continue the appellant's detention at the YDSU is in accord with that mandate.

[¶8] "Of course, if the legislature disagrees with our construction, it is free to amend the statute as it sees fit." <u>In re Y.L.</u>, 171 N.H. 99, 102 (2018) (quotation omitted). We reverse the trial court's order transferring the appellant to the HOC and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred.